Commonwealth of Pennsylvania, Appellant, *v.* Ferguson.

Argued November 13, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

John H. Maurer, Assistant District Attorney, and with him John Monaghan, District Attorney, for appellant.

Albert L. Moise, and with him Thomas J. Lanshe, for appellee.

OPINION BY BALDRIGE, J., December 12, 1929:

Milton B. Seligman, trading as the Fenton Storage Company, brought suit against Martha L. Ferguson for breach of contract.

The magistrate on February 17, 1927, entered judgment in favor of the plaintiff for the sum of $35 and costs. On March 2, 1927, defendant appealed, and, as required by law, signed and swore to an affidavit that the appeal was not taken for the purpose of delay but because she verily believed that injustice had been done. On the same day, bail was entered, conditioned for the payment of debt, interest and costs. This bail bond was signed in the name of Elizabeth Riley. On January 29, 1929, this appellee, the defendant in the

civil action, was indicted in four separate bills charging her (1) with being concerned in procuring the making and uttering of a fraudulent bail bond; (2) with conspiracy with an unknown woman to procure the entering of the fraudulent bail bond; (3) with perjury in connection with her appeal affidavit; (4) with procuring a fraudulent and corrupt acknowledgment of the bail bond.

On April 23, 1929, motion was filed to quash the bills for the following reasons: (a) That the bills were duplications of the same charge; (b) that a crime was not charged; (c) that there was no evidence from which the grand jury could legally find true bills. The court sustained the motion as to all the indictments.

Bill No. 1428 charged that the appellee "unlawfully and fraudulently did cause and procure to be fraudulently made and signed, and was concerned in the fraudulent making and signing a certain instrument, obligation in writing and recognizance, wherein and whereby a certain woman whose name is to this grand inquest as yet unknown, under and by the name of Elizabeth Riley, did enter bail and security," etc.

Bill No. 1429 charged that the appellee together with a certain other woman did "unlawfully, wilfully, fraudulently, and maliciously, combine, confederate, conspire and agree, together, between, and amongst themselves, by divers unlawful, false, fraudulent, wilful and malicious means, devices and contrivances, then and there, unlawfully, falsely, fraudulently, wilfully, and maliciously, to cause and procure said certain woman, whose name is unknown as aforesaid, under and by the name of Elizabeth Riley, to enter bail absolute and become surety," etc.

It will be noted that it is not alleged in either of these bills that Elizabeth Riley did not sign the affidavits, but they stated only that she was unknown to the grand inquest. It is not a crime to obtain a person

unknown to a grand jury to sign a bail bond. That is all that is charged. There was, therefore, no legal ground to find true bills and they were promptly quashed.

Bill No. 1430 charged that this appellee did "subscribe her name to and then and there unlawfully, knowingly, wilfully, falsely, and corruptly swear and make oath to the truth of the facts contained and set forth in a certain written affidavit of appeal," a copy of which is set forth in the indictment.

There is nothing in the record before us to show whether the civil case was prosecuted or what became of it in the municipal court. In so far as we have information, the appellant may have defeated the claim of the plaintiff, who is the private prosecutor in these indictments, or, if the case is not yet tried, the defendant may ultimately be successful, and if so, it could hardly be contended that the appeal was taken simply for delay. In the meantime, if this indictment stands, this appellee may be prosecuted and convicted of perjury because of her appeal. There is nothing in the record that shows the falsity of the statement that "the appeal is not taken for the purpose of delay but because she verily believes that injustice has been done."

As is well known, the rendering of a judgment by a magistrate is not infallible. Litigants ought to have the privilege of having their rights considered by courts learned in the law without being subject to the humiliation of arrest for perjury for taking an appeal in the manner required by law. There are cases, no doubt, where convincing reasons appear that a prosecution for perjury should be brought, but not on the facts before us.

We have been unable to find any authorities of the appellate courts directly ruling this question, but in the case of Commonwealth v. Dickinson, 3d Clark 163, Judge PARSONS, in a very well considered case, held

that a prosecution for perjury, alleged to have been committed in an affidavit of defense in a civil action, cannot be instituted until after a final judgment therein. He condemns and calls attention to the dangers of a practice, that seemed to be then (1846) more or less in vogue, of instituting prosecution for perjury before the termination of the case in which the alleged false testimony was given.

In the case of Commonwealth ex rel. Mary E. Reed v. Sheriff of Philadelphia, in 11 W. N. C., page 134, a suit was brought before a magistrate to collect amount alleged to be due. Judgment was rendered, and an appeal was taken and a bond filed, as here. Subsequently, judgment was entered for want of an affidavit of defense; the defendant was arrested and charged with perjury in making her affidavit of appeal. She was released on a habeas corpus and the court in discharging her held that her filing of an appeal bond was not perjury, where there was nothing in the record to show the falsity of her statement that she would be required to pay more than was justly due if the proceedings were not reviewed.

We concur in the action of the learned court below in quashing the bill.

This appeal of the civil action was taken in accordance with the Act of May 29, 1907, P. L. 306, which provides that the appellant shall give good and sufficient bail, absolute, for the payment of debt, interest and costs.

The 16th Section of the Act of 1860, P. L. 382, under which the indictment was drawn, reads as follows:

"If any person shall fraudulently and corruptly acknowledge, or procure to be acknowledged, any deed, or any writing authorized to be acknowledged, or any recognizance or judgment, in the name of any other person not privy thereto, or consenting to the same, the

person so offending shall be guilty of a misdemeanor,'' etc.

In Bill No. 1655, the draftsman corrected the defect in Bills Nos. 1428 and 1429, as it is alleged therein that the defendant ''did fraudulently and corruptly procure to be acknowledged, by a certain woman whose name is to this grand inquest unknown, a certain writing authorized to be acknowledged and recognizance in the name of another person, to wit, in the name of Elizabeth Riley, *not privy thereto and not consenting to the same* (the italics are ours), in that she, the said Mattie Ferguson, otherwise Martha L. Ferguson, did then and there fraudulently and corruptly procure said woman, whose name is unknown as aforesaid, to acknowledge, under and by the name of Elizabeth Riley, a certain recognizance,'' etc.

This bill sufficiently charges the defendant with fraudulently and corruptly procuring a recognizance, which includes a bail bond (see Bouvier's Law Dictionary, 3d Rev., page 2842) to be acknowledged. We are not in accord with the argument of the appellee that the bill is defective in that a bail bond is not required to be acknowledged. ''Acknowledged'' is not used in the meaning that a bail bond must be acknowledged with the same formality as a deed, but in the sense that the obligor in the bond admits herself to be bound for debt, interest and costs. This bill should not have been quashed.

The judgment of the lower court is affirmed in sustaining the motion to quash Bills 1428, 1429 and 1430, and the order of the court as to 1655 is reversed and it is hereby ordered to be reinstated.